## Petition of the School Directors of the Borough of Aliquippa for Adjustment of Indebtedness.

*Appeals—Certiorari—Review—Adjustment of indebtedness between school districts.*

No right of appeal is given in proceedings for the adjustment of indebtedness between two school districts, one of which has been formed from the other. The certiorari brings up for review nothing but the regularity of the proceedings in the court below.

Argued Oct. 15, 1895. Appeal, No. 101, Oct. T., 1895, by the School District of the Borough of Aliquippa, from order of C. P., Beaver Co. June T., 1894, No. 9, dismissing exceptions to auditor's report. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to auditor's report.

The auditor, A. P. MARSHALL, Esq., reported as follows :

It is admitted that the Aliquippa School District, until the creation of the borough of Aliquippa was a part of the Logstown Independent School District.

The evidence discloses that publication of notice of intention to apply to court for incorporation of the borough was made August 16, 23 and 30, 1893, and that the application was presented to court September 18, 1893, approved by the grand jury September 20, 1893, and a final decree made incorporating the borough January 22, 1894.

It is agreed that the valuation of the school property held by the district at the time of the incorporation of the borough was $7,300; that of this $5,300 worth remained in the old district and $2,000 worth was in the new district after the incorporation.

It was also agreed that the assessed valuation of the property included in the limits of the borough at the preceding annual assessment was $221,598, and of the Logstown Independent School District after the incorporation $156,729. Thus the total valuation of the district in 1892 before the incorporation of the borough was $378,327.

These the auditor considers the main facts necessary to the
VOL. CLXXII—6

purpose of his appointment outside of the indebtedness, which the auditor finds to be at the time of the creation of the borough the sum of $6,800, that this is exclusive of interest which was paid to April 1, 1894.

That this is all a bonded indebtedness except $200 which is the amount payable on the Cochran lease.

The bonded indebtedness matures as follows: No. 2, $500, October 1, 1894; No. 3, $500, October 1, 1895; No. 4, $250, October 1, 1896; No. 5, $250, October 1, 1897; No. 6, $250, October 1, 1898; No. 7, $250, October 1, 1898. Also $100 bonds maturing as follows: Nos. 1, 2, 3, 4, 5, 6, 7 and 8, October 2, 1898; Nos. 9, 10, 11, 12, 13, 14, 15 and 16, October 2, 1899; Nos. 17, 18, 19, 20, 21, 22, 23 and 24, October 2, 1900; Nos. 25, 26, 27, 28, 29, 30, 31 and 32, October 2, 1901; Nos. 33, 34, 35, 36, 37, 38, 39 and 40, October 2, 1902; Nos. 41, 42, 43, 44, 45 and 46, October 2, 1903.

The only purpose of the appointment of your auditor is the adjustment of this indebtedness—but before proceeding to this adjustment, it is necessary to state that there is admittedly in the hands of the Independent District a balance of $179.33 to which the Borough School District is entitled to its proportionate part.

This proceeding is admittedly under the act of April 11, 1862, which provides as follows: "When a new school district is formed, the court establishing the same shall determine, on hearing, whether an undue proportion of the real estate and schoolhouses belonging to the old district or districts, are within the bounds of the new district, and if so, how much money shall be paid therefor by the new to the old district or districts; and if any money be on hand, or debt unpaid, or any tax or other claims be uncollected after the settlement of all accounts of the current year, the proper court shall divide said money or debt amongst the districts in such proportions and shall make such order as to the uncollected tax or other claims as shall be just," etc.

It is contended that a part of this debt of $4,600 is illegal by the borough district: First, because it was defeated by a direct vote of the people of the district; and, second, because a part of the debt was incurred while the proceedings for the incorporation of the borough were pending in court.

Neither of these contentions can be sustained. The first because even admitting defeat at an election to increase the debt, the debt as increased is within the two per cent limit. And the directors had a right to incur the debt without a vote.

As to the third position, that the debt was incurred while proceedings were pending in court for the incorporation of the borough, it cannot be maintained for want of proof. The mere advertisement of an intention to apply for incorporation would not constitute a lis pendens; the first advertisement was on August 16, 1893, but the application was not presented to court until September 18, 1893.

The evidence discloses that the directors of the independent district on August 17, 1893, by resolution unanimously adopted, agreed to build a schoolhouse in Aliquippa. The resolution to purchase Woodlawn Academy was duly passed July 22, 1893, and a contract hereafter made agreeing that the same should be paid for on or before September 1, 1893. This purchase was for $2,400 and it seems the schoolhouse at Aliquippa which was built in pursuance to the aforesaid resolution cost $2,000. Whether these debts should have been contracted by the independent district was a matter within the discretion of the directors, and it is not our purpose to question their wisdom.

These debts were contracted before the pending of any proceeding in court to incorporate the borough, and the auditor is therefore bound by them as he finds them and cannot inquire further as to their expediency.

The only remaining contention is as to the proper adjustment of the indebtedness as we find it.

The borough district contends that, inasmuch as the greater part of the school property is in the old district, the difference should be considered in adjusting the debts.

This is a statutory proceeding and of course your auditor must determine the matter in controversy under the statute authorizing the proceeding. As to the school property in the case, the only consideration under the law the auditor can concern himself about is only to find whether or not there is an undue proportion of the real estate and schoolhouses belonging to the old district within the bounds of the new, and if so, then how much shall be paid by the new to the old therefor. The law does not prescribe anything to be paid by the old to

the new in case there is more of real estate and schoolhouses in the old than in the new. There would be no way marked out by law to enforce a finding made by the auditor on any such premises. But still the borough district may contend that the difference in values of the school properties may be used in making an equitable adjustment of the debt, but your auditor cannot sustain this possible contention. If this difference in value does not create a debt recognized by law, so that the new district could maintain a suit thereon and recover, then your auditor would not be justified in using it as an equitable offset in favor of the borough against the old district. This would be doing indirectly what could not be done in a direct proceeding.

Your auditor is forced to conclude that the only adjustment of this debt that can be made under the law as it is, is to proportion it between them on the ratio of their assessed valuations as determined by their last preceding assessment. And this would have been the way the debt would have to have been paid had the borough remained a part of the old district. And as to the last increase of the debt, there is not much margin of complaint. The old district got the benefit of $2,400, and the new of $2,200.

There seems to be in the hands of the old district the sum of $179.33, of which Aliquippa Borough District is entitled to 58.58 per cent or $104.75 and the old district the sum of $74.58.

The amount of the debt as heretofore stated is $6,800, to which interest from April 1, $198, is added, making the total debt $6,998 ; of this Aliquippa Borough School District is entitled to pay to Logstown Independent School District 58.58 per cent, $4,099.42, less amount due by the old district, to wit : $104.75, leaving due from the new district to the old the sum of $3,994.67, which the auditor suggests be entered against the said Aliquippa Borough School District in the nature of a judgment, and that said school district pay in liquidation thereof 58.58 per cent of the aforesaid debt of $6,998 at such time or times as any of the aforesaid bonds become due and payable. That is to say, that said new district pay to the old as the aforesaid securities become due 58.58 per cent thereof, until the said $3,994.67 and the interest that may accrue thereon be fully paid.

This leaves but the matter of the costs of this proceeding to

be adjusted.  This the auditor directs to be paid in the same proportion as the debt has been adjusted—that is that the old district pay 41.42 per cent and the new 58.58 per cent.

Exceptions to the auditor's report were overruled by the court.  WICKHAM, P. J.

*Errors assigned* were in overruling exceptions to auditor's report.

*William A. McConnel, John M. Buchanan* with him, for appellant, cited act of June 13, 1874, P. L. 284; Williams Twp. v. Williamston, 9 Pa. C. C. 65.

*Robert Ritchie, David K. Cooper* and *L. E. Grim* with him, for appellee.—When a special jurisdiction is conferred on an inferior court by statute, no appeal or writ of error lies to the Supreme Court unless expressly given : Com. v. Nathans, 5 Pa. 124; Kimber v. Schuylkill County, 20 Pa. 366; Chase v. Miller, 41 Pa. 403; Gangewere's App., 61 Pa. 342; Union Canal Co. v. Keiser, 19 Pa. 134; Gifford v. Erie County, 142 Pa. 408.

The appellants ask to have the case reviewed on its merits which cannot be done, as the revision by the Supreme Court in such cases is confined to the regularity of the proceedings and does not extend to an examination of the merits : Annexation to Elk Twp. School Dist., 146 Pa. 1; Carpenter's Case, 14 Pa. 486; Moock v. Conrad, 155 Pa. 586; Mifflin Twp. v. Elizabeth, 18 Pa. 17.

PER CURIAM, November 4, 1895 :

No right of appeal is given in cases such as this, and hence the certiorari brings up for review nothing save the regularity of the proceedings in the court below.  An inspection of the record proper discloses no error that requires either a reversal or modification of the decree.  There is nothing in either of the ten specifications of error that requires discussion.  Neither of them is sustained.

Decree affirmed, with costs to be paid by the School District of the Borough of Aliquippa.  ·